**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Haroon's Halal Kabob LLC, et al., | No. CV-20-01634-PHX-SPL |
| Plaintiffs, | |
| vs. | **ORDER** |
| Food Truck Builders of Phoenix.com LLC, et al., | |
| Defendants. | |

Before the Court are Defendants' Motion for Summary Judgment (Doc. 31) and Plaintiffs' Motion for Summary Judgment on Breach of Contract Claim (Doc. 35). These Motions come before the Court under highly unusual circumstances: neither party conducted any discovery during the almost seven-month discovery period, apparently due to Plaintiffs' former counsel's neglect. The Court rules as follows.

**I.     BACKGROUND**

On August 20, 2020, Plaintiffs Haroon's Halal Kabob, LLC and Haroon Nabizada filed a Complaint against Defendants Food Truck Builders of Phoenix.com LLC and Tony Berti. (Doc. 1). Plaintiffs alleged (1) breach of contract, (2) fraud, (3) intentional interference with prospective economic advantage, (4) conversion, and (5) unjust enrichment against both Defendants, as well as (6) discrimination in violation of 42 U.S.C. § 1981 against Defendant Berti. (Doc. 1 ¶¶ 79–162). On October 16, 2020, Defendants answered the Complaint. (Doc. 15). The parties failed to file a Joint Case Management Report on December 18, 2020 as required. (Doc. 17). Thus, on December 21, the Court

ordered Plaintiffs to show cause why the action should not be dismissed for failure to prosecute (Doc. 19), prompting Plaintiffs to file the Joint Case Management Report later that day. (Doc. 20). On January 8, 2021, the Court issued a Rule 16 Case Management Order, setting a discovery deadline of July 30, 2021 and a dispositive motion deadline of November 5, 2021. (Doc. 24).

After January 8, 2021, nothing was filed in this case until October 8, 2021, when Plaintiffs' counsel, Kira Schlesinger, filed an Emergency Motion to Withdraw and Continue Case Management Dates. (Doc. 26). After first denying the motion due to procedural deficiencies (Doc. 27), on November 3, 2021, the Court granted Ms. Schlesinger's renewed Motion and extended the dispositive motion deadline to January 7, 2022. (Doc. 29). The Motion noted that withdrawal was necessary due to Ms. Schlesinger's ongoing health issues. (Doc. 28 at 1–2).

On January 6 and 7, 2022, respectively, Defendants and Plaintiffs filed their Motions for Summary Judgment.[1] (Docs. 31, 35). Defendants' Motion argues that Plaintiffs' claims should be dismissed because they never provided initial disclosures as required by Federal Rule of Civil Procedure ("Rule") 26(a)(1) and generally failed to prosecute the case, meaning they have no evidence to prove their claims.[2] (Doc. 31). The Court construes this as a request for Rule 37 sanctions as well as a motion for summary judgment.[3] Plaintiffs' Motion seeks summary judgment on the breach of contract claim, arguing that the record contains no material dispute of fact on that cause of action. (Doc. 35).

---

[1] Plaintiffs had to refile their Motion on January 10, 2022, having attached the incorrect document.

[2] Defendants also argue that summary judgment should be granted in Defendant Berti's favor on Plaintiffs' § 1981 claim because discrimination against someone "of middle eastern descent" does not violate the statute. (Doc. 31 at 5). Because the Court grants summary judgment in favor of Defendants for other reasons, the Court need not address this issue.

[3] Defendants also request attorneys' fees, but that request is denied without prejudice to Defendants filing a motion for attorneys' fees in accordance with Rule 54(d)(2) and LRCiv 54.2.

## II. LEGAL STANDARDS

### a. Rule 37 Sanctions

Rule 37(c)(1) provides the following:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

This provision is a "self-executing sanction." Fed. R. Civ. P. 37 advisory committee's note (1993); *see also Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 740 (9th Cir. 2021) ("Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence."). Still, exclusion of evidence is not a necessary sanction, as Rule 37(c)(1) authorizes other sanctions "in addition to or instead of" exclusion. *See Merchant*, 993 F.3d at 740. "A party facing sanctions . . . bears the burden of showing that a sanction other than exclusion is better suited to the circumstances." *Id.* at 741. The party facing sanctions also bears the burden of proving substantial justification or harmlessness. *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). The Court has "wide latitude" under Rule 37(c)(1) and need not consider a lesser sanction than exclusion if the party facing sanctions does not request one.[4] *Merchant*, 993 F.3d at 741–42.

### b. Summary Judgment

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*,

---

[4] In *R & R Sails, Inc.*, the Ninth Circuit held that when a Rule 37(c)(1) exclusion sanction amounts to dismissal of a claim, district courts must consider "whether the claimed noncompliance involved willfulness, fault, or bad faith" in addition to considering lesser sanctions. 673 F.3d at 1247. But in *Merchant*, the Ninth Circuit clarified that those factors are considered as part of the harmlessness inquiry, and that under the plain language of Rule 37, the Court need not consider lesser sanctions where Plaintiff has not sought one. *Id.* ("[A] noncompliant party must avail himself of the opportunity to seek a lesser sanction by formally requesting one from the district court." (internal quotation marks omitted)).

477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. When considering a motion for summary judgment, a court must view the factual record and draw all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

**III.   DISCUSSION**

Defendants' Motion for Summary Judgment argues that Plaintiffs' claims should be dismissed because they have no evidence due to their failure to provide initial disclosures pursuant to Rule 26(a)(1).[5] (Doc. 31). Plaintiffs, on the other hand, seek summary judgment on their breach of contract claim. (Doc. 35). The Court will first examine whether a Rule 37(c) exclusion sanction is appropriate in this case and then will turn to summary judgment.

### a. Rule 37 Exclusionary Sanction

Rule 26(a)(1) requires parties to provide certain information—including information about witnesses and documents that may be used to support the party's claims or defenses—"at or within 14 days after the parties' Rule 26(f) conference." Here, Plaintiffs assert that they served initial disclosures on Defendants' counsel, while Defendants state that they never received them. The Court may make factual findings when considering Rule 37 sanctions. *WeRide Corp. v. Kun Huang*, No. 5:18-cv-07233-EJD, 2020 WL 1967209, at *9 (N.D. Cal. Apr. 24, 2020) (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006)). While the Ninth Circuit has not determined the requisite standard of

---

[5] Defendants also seek dismissal pursuant to Local Rule 41.1, which allows the Court to dismiss "cases which have had neither proceedings nor pleadings, notices, or other documents filed for six (6) or more months." Such action is not appropriate at this time because—although nothing was filed from January 8, 2021 to October 8, 2021—there have now been multiple filings within the past six months. Moreover, Local Rule 41.1 requires that the parties be given notice and the opportunity to be heard before a case is dismissed for failure to prosecute, and no such notice or opportunity was given during the nine-month period when nothing was filed. As subsequent footnotes will further highlight, a slew of procedural missteps and significant misapplications of the rules occurred in this case. The Court kindly suggests that counsel for the parties closely review the Federal and Local Rules of Civil Procedure in the future.

proof for Rule 37 sanctions, this Court recently followed the Seventh Circuit in applying a preponderance of the evidence standard, and the Court will do the same here. *See Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 336 (D. Ariz. 2022) (citing *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016)).

On the one hand, Plaintiffs state that "it appears that Plaintiffs' former counsel did prepare and serve a disclosure statement on April 22, 2021 on opposing counsel." (Doc. 43 at 3). As an exhibit to their Response to Defendants' Motion for Summary Judgment, Plaintiffs have filed Initial Disclosures dated April 22, 2021.[6] (Doc. 43-1). The disclosures include a Certificate of Service signed by Plaintiffs' former counsel, Ms. Schlesinger, attesting that the disclosures were served on Defendants' counsel. (Doc. 43-1 at 7). However, Local Rule 5.2 requires that Notice of Service of initial disclosures be filed with the Court "within a reasonable time after service," and no such Notice was ever filed—at least until the disclosures were filed by Plaintiffs' current counsel as part of their Response to the instant Motion.[7] Plaintiffs have presented no other evidence that they complied with Rule 26(a). On the other hand, Defendants' counsel has sworn under penalty of perjury "that they did not receive any such Disclosure Statement from Plaintiffs' then-counsel back in 2021, until they received the document [in March 2022] from Plaintiffs' current counsel." (Doc. 48 at 2).

Weighing Plaintiffs' assertion that it "appears" they served a disclosure statement against Defendants' attorney's declaration under penalty of perjury that he did not receive a disclosure statement, it is clear that the evidence favors Defendants. Although the

---

[6] As the parties' Rule 26(f) conference was to occur no later than December 16, 2020, even if Plaintiffs did serve their initial disclosures on April 22, 2021, the disclosure was untimely by several months. But Defendants admit that they did not serve their initial disclosures until March 2021, suggesting that the delay was due to a requirement in Rule 26 that disclosures be exchanged simultaneously. (Doc. 31 at 3). But Rule 26 contains no such requirement; Rule 26(a)(1)(C) specifies each party must make initial disclosures within 14 days of the Rule 26(f) conference, with limited exceptions that do not apply here.

[7] The Court notes that Defendants never filed a Notice of Service of their initial disclosures, either, but Plaintiffs do not assert that Defendants failed to provide them. And regardless, Defendants do not bear any burden of proof in this case, so even if their evidence were also excluded, it would not change the outcome.

Certificate of Service was also signed by Ms. Schlesinger under penalty of perjury, it carries much less weight than defense counsel's declaration because it was not contemporaneously filed with the Court. The Court finds it unpersuasive as it may have been prepared in anticipation of service that may never have actually occurred. The Court therefore finds by a preponderance of the evidence that Plaintiffs never served any initial disclosures on Defendants.

Having determined that Plaintiffs failed to provide initial disclosures as required by Rule 26(a)(1), the exclusionary sanction under Rule 37(c)(1) is automatically triggered, and it becomes Plaintiffs' burden to prove that the failure was substantially justified or harmless.[8] Plaintiffs make no effort to do so. (*See* Doc. 43). They also make no effort to show that a sanction other than exclusion is better suited to the circumstances. Nonetheless, the Court has considered these factors and concludes that the exclusionary sanction is warranted in this case. Plaintiffs' failure to provide their disclosures appears to have resulted from Ms. Schlesinger's illness and/or lack of diligence, but an attorney's neglect is not a sufficient excuse for a client to avoid sanctions. *See Sec. & Exch. Comm'n v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1101 (9th Cir. 2010) ("Clients must be held accountable for the acts and omissions of their attorneys, and [the client] cannot now avoid the consequences of the acts or omissions of its counsel." (internal quotation marks omitted)); *see also Tisdale v. Darkis*, 101 F.R.D. 307, 309–10 (D. Kan. 1984) (finding

---

[8] Plaintiffs suggest that pursuant to Rule 37(a)(1), a sanction is inappropriate because Defendants failed to meet and confer before seeking relief. But the language of Rule 37(a)(1) makes clear that a meet-and-confer is only required before "a party may move for an order compelling disclosure or discovery." It is not required for Rule 37(c)(1) sanctions, which are self-executing. The Court is aware of authority from at least one other court that may suggest that Rule 37(c)(1) sanctions are not warranted where the moving party did not seek to compel disclosures during the discovery period. *See Kansas v. Empire City Subway Co. (Ltd.)*, 692 F. Supp. 2d 316, 320 (S.D.N.Y. 2010). But such a condition is contrary to the automatic nature of Rule 37(c)(1)'s exclusionary sanction. *See Merchant*, 993 F.3d at 740. While the Court would have preferred that Defendants avail themselves of this Court and sought to compel Plaintiffs' initial disclosures during the discovery period so that the case could potentially have been litigated on the merits—as opposed to simply sitting back until after the discovery period expired and bringing the issue to the Court's attention for the first time in a dispositive motion—nothing in the rules prevented Defendants from doing so. It was Plaintiffs' responsibility to provide their initial disclosures and further prosecute their case.

dismissal pursuant to Rule 37 proper where plaintiff failed to conduct any discovery due to plaintiff's counsel's anguish over his child's illness). While Plaintiffs may have other recourse against Ms. Schlesinger, her failure to pursue their case does not protect Plaintiffs from Rule 37(c)(1) sanctions. Moreover, Plaintiffs' failure to provide initial disclosures is not harmless as the time for discovery—not to mention dispositive motions—passed with Defendants having no knowledge of the witnesses and evidence that Plaintiffs planned to use to prosecute their case. *See Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). The resulting prejudice to Defendants cannot be cured by any sanction other than exclusion.

In sum, pursuant to Rule 37(c)(1), any information that Plaintiffs should have provided to Defendants pursuant to Rule 26(a) and (e) will be excluded. Rule 26(a) required Plaintiffs to provide information about witnesses with discoverable information that they might use to support their claims as well as copies of documents and other evidence that they would use to support their claims, and Rule 26(e) required Plaintiffs to supplement those disclosures if they were incomplete or incorrect. Thus, because Plaintiffs failed to make *any* 26(a) disclosures to Defendants, all witnesses, documents, and other evidence that Plaintiffs would otherwise use to support their claims will be excluded.

### b. Summary Judgment

The Rule 37(c)(1) exclusionary sanction applies "on a motion, at a hearing, or at a trial." As a result, the Court will not consider any evidence in support of Plaintiffs' claims in considering their Motion for Summary Judgment or Defendants' Motion for Summary Judgment.[9] Therefore, as Defendants argue, "Plaintiffs have no evidence and no witnesses

---

[9] Even Plaintiffs' Complaint may not be considered as an affidavit because it was not a verified complaint. *Cf. Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). And even if the Court were to consider the exhibits to the Complaint and allow Plaintiffs to use them at trial, as they were obviously disclosed to Defendants, they do not suffice to prevent summary judgment in favor of Defendants because Plaintiffs have still failed to make a showing sufficient to establish an element essential to their case on which they will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322–23. At most, the exhibits attached to the Complaint merely prove the existence of a contract between the parties; they do not establish any other element of any other claim.

to present or prove any" of their claims. (Doc. 31 at 3) Summary judgment must be granted where there is "a complete failure of proof concerning an essential element of the nonmoving party's case." *Celotex Corp.*, 477 U.S. at 323. Here, Plaintiffs have no proof of any element of any of their claims. Thus, summary judgment must be granted in favor of Defendants on all claims.

## IV.     CONCLUSION

The Court recognizes that the exclusion of all of Plaintiffs' evidence pursuant to Rule 37(c)(1) is a harsh sanction as it results in dismissal of Plaintiffs' case, and it is unfortunate that the case could not be resolved on its merits. Those consequences, however, result solely from Plaintiffs' complete inaction in this case for more than nine months—through the entire discovery period. Plaintiffs have no admissible evidence to support their claims. Accordingly,

**IT IS ORDERED:**

1. That Defendants' Motion for Summary Judgment (Doc. 31) is **granted**;
2. That Plaintiffs' Motion for Summary Judgment on Breach of Contract Claim (Doc. 35) is **denied**;
3. That the Clerk of Court shall enter judgment in favor of Defendants and **terminate** this action; and
4. That Defendants may file a motion for attorneys' fees to which they believe they are entitled in accordance with Rule 54(d)(2) and LRCiv 54.2.

Dated this 27th day of April, 2022.

Honorable Steven P. Logan
United States District Judge